IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **STEVEN SMITH, #184725,** : | |
| **Plaintiff,** : | |
| vs. : | CIVIL ACTION 16-0588-CG-N |
| **G. SALTER, et al.,** : | |
| **Defendants.** : | |

**REPORT AND RECOMMENDATION**

Plaintiff Steven Smith, an Alabama prison inmate proceeding pro se and in forma pauperis, filed a complaint under 42 U.S.C. § 1983. This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R). After careful review, it is recommended that defendants Warden Rabon, Warden Mitchell, Warden Stewart, Captain Fails, Captain Rouse, and Warden Davenport be dismissed from this action because the claims against them are due to be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). This action will proceed with respect to the other claims and defendants.

**I. Complaint.** (Doc. 1).

Smith alleges in the complaint that on June 11, 2016, he was assaulted and stabbed by another inmate in Holman Prison's B dorm when no guard was present in the dorm. (Doc. 1 at 4). The guard, Officer Salter, is alleged to have been outside the gate and not at his assigned post when the attack occurred. (Id. at 4-5). Smith

sues numerous defendants on several claims related to this incident. This Report and Recommendation is concerned with the claims connected to plaintiff's placement in segregation for three months after he received medical treatment for his wound. (Id. at 9). Smith did not identify the type of segregation into which he was placed.

Smith claims that his assailant, who is known to officials, was not locked up, but rather he was locked up. (Id. at 9). Protocol, he contends, requires that the assailant be locked up, not the victim. (Id.). As a result, his mother, Dorothy Haynie, called Warden C. Davenport questioning why the assailant was not locked up instead of Smith; he questioned Davenport as well. (Id. & at 16). His mother also spoke with Deputy Wardens Rabon and Mitchell, which still did not result in his assailant being locked up. (Id. at 9, 11). He spoke with Captain Rouse about why his assailant was not placed in segregation and why he was not released from segregation. (Id. at 9, 13). He sent a signed statement to Captain Fails regarding who attacked him and questioning why he was not released. (Id. at 9, 13). He also wrote to Cynthia Stewart why he, the victim, was not released from segregation when they knew who was his assailant. (Id. at 9, 11-12). He relates that they were afraid to lock up his assailant, and thus they caused him more pain and suffering by throwing away the rules and by failing to give his assailant a disciplinary or behavioral citation. (Id. at 9).

For relief, Smith requests $600,000.00 in punitive damages and $10,000.00 in compensatory damages from each defendant.

**II. Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).**

Because Smith is proceeding in forma pauperis, the Court is reviewing his complaint (Doc. 1) under 28 U.S.C. § 1915(e)(2)(B). Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989).[1] A claim is frivolous as a matter of law where, inter alia, the defendants are immune from suit, id. at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist. Id.

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 555, 557, 127 S.Ct. at 1965, 1966 (second brackets in original). "Threadbare recitals of the elements of a cause of action, supported by mere

---

[1] Neitzke's interpretation of 28 U.S.C. § 1915(d) is applied to § 1915(d)'s superseding statute, 28 U.S.C. § 1915(e)(2)(B). Bilal v. Driver, 251 F.3d 1346,1348-49 (11th Cir.), cert. denied, 534 U.S. 1044 (2001).

conclusory statements, do not suffice." Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949.

When considering a pro se litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney, Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), but it does not have "license . . . to rewrite an otherwise deficient pleading in order to sustain an action." GJR Investments v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds by Iqbal, 566 U.S. 662. The court treats factual allegations as true, but it does not treat conclusory assertions or a recitation of a cause of action's elements as true. Id. at 681, 129 S.Ct. at 1951. In addition, a pro se litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.), cert. denied, 493 U.S. 863 (1989).

## III. Discussion.

### A. Smith's Confinement to Segregation.

The defendants related to Smith's segregation claim are: Warden Rabon, Warden Mitchell, Warden Stewart, Captain Fails, Captain Rouse, and Warden Davenport. (Doc. 1 at 11-14, 16). In order for Smith to state a § 1983 claim against each of these defendants, he must show a violation of his rights under the Constitution or laws of the United States by a person acting under color of state law. Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992). Each of the foregoing named defendants typically acts under color of state law by virtue of each defendant's employment with the Alabama Department of Corrections. Thus,

Smith's allegations must demonstrate that each defendant violated his constitutional or federal rights.

After the decision in Sandin v. Conner, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 416 (1995), an inmate's placement in segregation only violates the Constitution if the placement will affect the duration of his sentence or if the placement "imposes [an] atypical and significant hardship . . . in relation to the ordinary incidents of prison life." Id. at 484, 486, 115 S.Ct. at 2300.  That is, an inmate has a liberty interest to avoid an atypical and significant hardship, and before that liberty interest can be extinguished, the inmate must receive due process.  Wilkinson v. Austin, 545 U.S. 209, 213, 224, 125 S.Ct. 2384, 2388, 2395, 162 L.Ed.2d 174 (2005).

The Sandin Court found that the plaintiff did not suffer an atypical and significant hardship when he was confined to administrative segregation for thirty days because his confinement "did not work a major disruption in his environment," nor was it "a dramatic departure from the basic conditions of [his] sentence." 515 U.S. at 485-86, 115 S.Ct. at 2301.  The Court further observed that other inmates in general population also experienced lockdown time in significant amounts, that the degree of the plaintiff's confinement in comparison did not exceed others' confinement, and confinement to segregation "falls within the expected perimeters of the sentence imposed by a court of law." Id. at 485-86, 115 S.Ct. at 2301.  Thus, the Court concluded that a creation of a liberty interest entitling the plaintiff to due process protections did not occur. Id. at 487, 115 S.Ct. at 2302; cf. Wilkinson, 545

U.S. at 213, 224, 125 S.Ct. at 2388, 2394 (applying <u>Sandin's</u> reasoning to find that Ohio inmates had a liberty interest to avoid placement in the supermax prison because the conditions taken together imposed an atypical and significant hardship).

In the present action, no allegations are offered claiming or demonstrating a right arising from the due process clause itself or a liberty interest created by state law. Nor are there allegations describing the conditions of Smith's confinement in segregation except for the allegation that he was confined to segregation for three months. Generally, in order for an atypical and significant hardship to be found, it "must exist for a significant period of time." <u>Smith v. Deemer</u>, 641 F. App'x 865, 868 (11th Cir. 2016) (unpublished).[2] Examining the durational aspect of Smith's claim, confinement in segregation for the three months has been found not to be an atypical, significant hardship creating a liberty interest to which due process attaches. Compare <u>Al-Amin v. Donald</u>, 165 F.App'x 733, 739 (11th Cir. 2006) (finding that thirty months' confinement to administrative segregation did not constitute an atypical and significant hardship that would give rise to a liberty interest); <u>Lekas v. Briley</u>, 405 F.3d 602, 611 (7th Cir. 2005) (finding the ninety-day confinement to disciplinary segregation was not an atypical and significant hardship); <u>Rodgers v. Singletary</u>, 142 F.3d 1252, 1252-53 (11th Cir. 1998) (finding the plaintiff was not deprived of a constitutionally protected liberty interest by his placement in administrative segregation for two months); <u>Sealey v. Giltner</u>, 197

---

[2] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11TH CIR. R. 36-2 (2005).

F.3d 578, 589 (2d Cir. 1999) (finding that a 101-day administrative confinement was not an atypical and significant hardship); Beverati v. Smith, 120 F.3d 500, 504 (4th Cir. 1997) (finding that confinement to administrative segregation for six months did not implicate a liberty interest); Morefield v. Smith, 404 F. App'x 443, 446 (11th Cir. 2010) (finding that a four-year confinement in administrative segregation, although lengthy, did not create a liberty interest considering that the conditions of confinement were similar to those in the general population), with Williams v. Fountain, 77 F.3d 372, 374 n.3 (11th Cir.) (holding that one year in solitary confinement presented an atypical and significant hardship which resulted in a deprivation of a liberty interest), cert. denied, 519 U.S. 952 (1996); Magluta v. Samples, 375 F.3d 1269, 1282 (11th Cir. 2004) (holding the harsh conditions in solitary confinement under which he was held for 500 days amounted to an atypical and significant hardship to which due process attached).  Accordingly, the Court finds that plaintiff's confinement to segregation for three months did not give rise to a liberty interest protected by the due process clause.  As a consequence, Smith's segregation claim fails to state a claim upon which relief can be granted and is due to be dismissed without prejudice.

### B. Claim for Inadequate Treatment Given to Assailant.

The other aspect of Smith's claim is that his assailant was not arrested or locked up and the assailant did not receive a behavior citation or a disciplinary. (Doc. 1 at 8-9).  In reviewing case law, the Court did not find a case that held a violation of the Constitution or federal law occurred when an alleged assailant did

not receive the negative treatment that Smith suggests his assailant should have received.  Nevertheless, Smith's claim is similar to the situation when a plaintiff requests a court to prosecute a defendant.  A court will decline to do so because courts have held that "a private citizen has no judicially cognizable interest in the prosecution or non-prosecution of another." Otero v. United States Attorney Gen., 832 F.2d 141, 141 (11th Cir. 1987) (citing Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973)).  "A decision to prosecute is within the United States Attorney's substantial discretion . . . ." United States v. Ballard, 779 F.2d 287, 295 (5th Cir.), cert. denied, 475 U.S. 1109 (1986).  Thus, by this analogy, Smith does not have a legal interest that is protected by the Constitution or federal law in how officials treat his assailant.  Moreover, "the problems that arise in the day-to-day operation of a corrections facility are not susceptible of easy solutions[;] [p]rison administrators therefore should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." Bell v. Wolfish, 441 U.S. 520, 547, 99 S.Ct. 1861, 1878, 60 L.Ed. 447 (1979).  Consequently, courts will ordinarily defer to officials' judgment in operating prisons due to their professional expertise and to the prison's operation being within province of legislative and executive branches of government.  Id. at 548, 99 S.Ct. at 1879.  Thus, a claim for not locking up or disciplining the assailant is without legal merit and is due to be dismissed with prejudice as frivolous.

## IV. Conclusion.

Based upon the foregoing reasons, it is recommended that defendants Warden Rabon, Warden Mitchell, Warden Stewart, Captain Fails, Captain Rouse, and Warden Davenport be dismissed from this action because the claims against them are due to be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

## **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ.P. 72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that

merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 26th day of June 2017.

                                                    */s/ Katherine P. Nelson*
                                                    **KATHERINE P. NELSON**
                                                    **UNITED STATES MAGISTRATE JUDGE**